## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>          Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF JUSTICE, and U.S. DEPARTMENT OF STATE,<br><br>          Defendants. | No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Knight First Amendment Institute at Columbia University (the "Knight Institute"),

by and through its attorneys, hereby complains as follows against Defendants U.S. Department of

Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), U.S. Immigration and

Customs Enforcement ("ICE"), U.S. Citizenship and Immigration Services ("USCIS"), U.S.

Department of Justice ("DOJ"), and U.S. Department of State ("DOS"):

### INTRODUCTION

1.      In this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for

injunctive and other appropriate relief, the Knight Institute seeks the immediate release of agency

records concerning the exclusion or removal of individuals from the United States based on their

speech, beliefs, or associations.

2.      During his 2016 presidential campaign, then-candidate Donald Trump evoked a

Cold War–era "ideological screening test" for admission into the United States and proclaimed that a "new screening test" involving "extreme, extreme vetting" was overdue.[1]

3.     A week after his inauguration, President Trump issued Executive Order 13,769, declaring that the United States "must ensure that those admitted to this country do not bear hostile attitudes toward it and its founding principles" and "cannot, and should not, admit those who do not support the Constitution." Exec. Order No. 13,769, 82 Fed. Reg. 8,977 (Jan. 27, 2017). The President subsequently explained that only individuals who "want to love our country" should be admitted into the United States.[2]

4.     Following legal challenges to the January 27, 2017 order, the President issued a revised order on March 6, 2017. That order directed the Secretary of State, the Attorney General, the Secretary of Homeland Security, and the Director of National Intelligence to develop a more robust vetting program for visa applicants and refugees seeking entry into the United States, involving, among other things, "collection of all information necessary for a rigorous evaluation of all grounds of inadmissibility." Exec. Order No. 13,780, 82 Fed. Reg. 13,209, 13,215 (Mar. 6, 2017). The order further required the Secretary of Homeland Security, in conjunction with the Secretary of State, Attorney General, and Director of National Intelligence, to make periodic reports through October 2, 2017 on their progress in developing the new vetting program. Exec. Order No. 13,780, 82 Fed. Reg. at 13,215.

5.     Pursuant to President Trump's order, Defendants DHS and DOS have been

---

[1] Karen DeYoung, *Trump Proposes Ideological Test for Muslim Immigrants and Visitors to the U.S.*, Wash. Post (Aug. 15, 2016), https://perma.cc/G9SC-EPHT.

[2] *Trump Defends Immigration Restrictions, Wants People 'Who Love Our Country,'* Chi. Trib. (Feb. 6, 2017), http://trib.in/2vIQeuw.

developing new vetting policies.[3] For example, following approval by the U.S. Office of Management and Budget in late May 2017, DOS adopted a new questionnaire for certain visa applicants, which requested any social media platforms and handles used during the last five years. *See* 82 Fed. Reg. 20,956, 20,957 (May 4, 2017).[4] More recently, DHS proposed to modify its system of immigration records to include the "social media handles, aliases, [and] associated identifiable information," as well as "publicly available information obtained from the internet, . . . and information obtained and disclosed pursuant to information sharing agreements." 82 Fed. Reg. 43,556, 43,557 (Sept. 18, 2017). This modification covers not only visa applicants, but also naturalized U.S. citizens and lawful permanent residents, *id.* at 43,560, and is scheduled to take effect on October 18, 2017, *id.* at 43,556.

6.      The public has an urgent need to know about these and other new vetting policies, and about the government's understanding of its authority to base immigration decisions on individuals' speech, beliefs, or associations. Furthermore, the public has a right to evaluate the government's past and ongoing reliance on existing statutory provisions to exclude or remove individuals from the United States on those grounds.

7.      Toward that end, the Knight Institute submitted an identical FOIA Request (the "Request") to Defendants DHS, CBP, ICE, USCIS, DOJ,[5] and DOS on August 7, 2017. The Request sought, among other things, information about any new vetting policies, and about the

---

[3] *See* Jordan Fabian & Morgan Chalfant, *Trump Quietly Puts Teeth Into His 'Extreme Vetting' Policy*, The Hill (June 29, 2017), https://perma.cc/5J5C-TDW3. *But see* Michael D. Shear & Ron Nixon, *Despite Trump's Tough Talk on Travel Ban, Few Changes to Vetting*, N.Y. Times (June 11, 2017), https://perma.cc/N82G-2SW3.

[4] Yeganeh Torbati, *Trump Administration Approves Tougher Visa Vetting, Including Social Media Checks*, Reuters (May 31, 2017), https://perma.cc/2BUE-FLKJ.

[5] Specifically, the Knight Institute submitted the Request to the DOJ Office of Public Affairs ("OPA"), Office of Information Policy ("OIP"), and Office of Legal Counsel ("OLC").

government's understanding of its authority to base immigration decisions on individuals' speech, beliefs, or associations.

8.     On September 29, 2017, Defendant ICE released one document in response to one item of the Request. All other Defendants have failed to release any records responsive to the Request.

9.     The Knight Institute now seeks the injunctive relief necessary to ensure Defendants' timely compliance with FOIA's requirements.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11.    Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12.    The Knight Institute is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Public education is essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning 5 U.S.C. § 551(2).

13.    DHS is an "agency" within the meaning of 5 U.S.C. § 552(f). CBP, ICE, and USCIS are components of DHS. DHS and these components have possession and control over some or all of the requested records.

14.    DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). DOJ has possession

and control over some or all of the requested records.

15.     DOS is an "agency" within the meaning of 5 U.S.C. § 552(f). DOS has possession

and control over some or all of the requested records.

## FACTUAL ALLEGATIONS

### *The FOIA Request*

16.     On August 7, 2017, the Knight Institute submitted identical versions of the Request[6]

to all Defendants.

17.     In general, the Request seeks information about any new vetting policies, and about

the government's understanding of its authority to base immigration decisions on individuals'

speech, beliefs, or associations. The Request further seeks information about the government's

past and ongoing reliance on existing statutory provisions to exclude or remove individuals from

the United States on those grounds.

18.     The relevant statutory provisions include the "endorse or espouse provisions" of

the Immigration and Nationality Act ("INA"), which make inadmissible any alien who "endorses

or espouses terrorist activity or persuades others to endorse or espouse terrorist activity," 8 U.S.C.

§ 1182(a)(3)(B)(i)(VII), or who is a representative of "a political, social, or other group that

endorses or espouses terrorist activity," 8 U.S.C. § 1182(a)(3)(B)(i)(IV)(bb). The endorse or

espouse provisions provide a basis for removal as well. *See* 8 U.S.C. § 1225(c) (expedited removal

of arriving aliens); 8 U.S.C. § 1227(a)(4)(B) (removal of admitted aliens); *see also* 8 U.S.C. §

1158(b)(2)(A)(v) (removal of refugees otherwise qualified for asylum on similar grounds).

19.     The relevant statutory provisions also include the "foreign policy provision" of the

INA, which makes inadmissible any "alien whose entry or proposed activities in the United States

---

[6] A true and correct copy of the Request is attached hereto as Exhibit A.

. . . would have potentially serious adverse foreign policy consequences." 8 U.S.C. § 1182(a)(3)(C)(i). Under certain circumstances, such aliens are inadmissible even where the determination of inadmissibility is based on "beliefs, statements or associations [that] would be lawful within the United States." 8 U.S.C. § 1182(a)(3)(C)(iii); s*ee also* 8 U.S.C. §§ 1225(c)(1), 1227(a)(4)(C) (providing for expedited removal and removal on the same grounds).

20.    Specifically, the Request seeks (1) communications from the White House to any federal agency since January 19, 2017 regarding consideration of individuals' speech, beliefs, or associations in connection with immigration determinations. The Request further seeks the following records created on or after May 11, 2005: (2) all memoranda concerning the legal implications of excluding or removing individuals from the United States based on their speech, beliefs, or associations; (3) all legal or policy memoranda concerning the endorse or espouse provisions, or the foreign policy provision as it relates to "beliefs, statements or associations"; (4) all records containing policies, procedures, or guidance regarding the application or waiver of the endorse or espouse provisions or the foreign policy provision; (5) all Foreign Affairs Manual sections (current and former) relating to the endorse or espouse provisions or the foreign policy provision, as well as records discussing, interpreting, or providing guidance regarding such sections; and (6) all records concerning the application or waiver of the endorse or espouse provisions to exclude or remove individuals from the United States, or the application or waiver of the foreign policy provision to exclude or remove individuals from the United States based on "beliefs, statements or associations."

21.    The Knight Institute requested expedited processing of the Request on the ground that there is a "compelling need" for the documents because they contain information "urgent[ly]" needed by the Knight Institute, an organization "primarily engaged in disseminating information,"

in order to "inform the public concerning actual or alleged Federal Government Activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

22.     The Knight Institute also requested a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and that disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii); (b) the Knight Institute is an "educational . . . institution" whose purposes include "scholarly . . . research" and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II); and (c) the Knight Institute is a "representative of the news media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

### *Agency Responses*

23.     By letter dated August 17, 2017, Defendant DHS acknowledged receipt of the Request and assigned it reference number 2017-HQFO-01179. DHS invoked a ten-day extension of its response time but granted the Knight Institute's request for expedited processing and a fee waiver. To date, DHS has released no records responsive to the Request.

24.     Defendant CBP has not acknowledged receipt of the Request, responded to the Knight Institute's requests for expedited processing and a fee waiver, or released any records responsive to the Request to date.

25.     By email dated August 23, 2017, Defendant ICE acknowledged receipt of the Request and assigned it reference number 2017-ICFO-43023. ICE invoked a ten-day extension of its response time, granted the Knight Institute's request for a fee waiver, and initially denied its request for expedited processing. Following an administrative appeal of that denial, ICE granted

the request for expedited processing on September 26, 2017. On September 29, 2017, ICE released 1,666 pages of records responsive to Item (1) of the Request but redacted all but 13 pages in their entirety, claiming exemptions under FOIA. ICE has released no other records responsive to the Request.

26.      Defendant USCIS effectively acknowledged receipt of the Request in emails dated September 8, 2017 and September 18, 2017, requesting clarification regarding the scope of certain items of the Request and assigning it reference number COW2017000956. To date, USCIS has not responded to the Knight Institute's requests for expedited processing and a fee waiver or released any records responsive to the Request.

27.      By letter dated August 17, 2017, DOJ OIP acknowledged receipt of the Request and assigned it reference number DOJ-2017-005910. DOJ OIP noted that the Request required a search in another office and therefore involved "unusual circumstances," granted the Knight Institute's request for expedited processing, and stated that it had not reached a decision regarding the Knight Institute's request for a fee waiver. To date, DOJ OIP has released no records responsive to the Request.

28.      By letter dated August 21, 2017, DOJ OLC acknowledged receipt of the Request and assigned it reference number FY17-275. DOJ OLC noted that it had tentatively assigned the Request to the "complex" processing track, denied the Knight Institute's request for expedited processing, and stated that it had not reached a decision regarding the Knight Institute's request for a fee waiver. The Knight Institute submitted an administrative appeal challenging DOJ OLC's denial of expedited processing to DOJ OIP on August 31, 2017, but has yet to receive a decision. To date, DOJ OLC has released no records responsive to the Request.

29.      By letter dated August 15, 2017, Defendant DOS acknowledged receipt of the

Request and assigned it reference number F-2017-14346. DOS granted the Knight Institute's request for expedited processing and a fee waiver. To date, DOS has released no records responsive to the Request.

## CAUSES OF ACTION

30.     Defendants' failure to make records responsive to the Request promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

31.     Defendants' failure to process the Request as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations.

32.     Defendant DOJ's and Defendant USCIS's failure to grant the Knight Institute's request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

33.     Defendant DOJ's and Defendant USCIS's failure to grant the Knight Institute's request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), (iii), and Defendants' corresponding regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Order Defendants to conduct a thorough search for responsive records;

B.     Order Defendants to process and release any responsive records immediately;

C.     Enjoin Defendants DOJ and USCIS from charging Plaintiff search, review, and duplication fees relating to the Request;

D.     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld, and order Defendants to disclose any wrongfully withheld records;

E.     Award Plaintiff its reasonable costs and attorney's fees incurred in this action; and

F.      Grant such other and further relief as the Court may deem just and proper.


Dated: October 4, 2017                          Sincerely,

                                                 */s/ Jameel Jaffer*

                                                Jameel Jaffer (JJ-4653)
                                                Alex Abdo (AA-0527)
                                                Carrie DeCell (application for admission
                                                    forthcoming)
                                                Knight First Amendment Institute at
                                                    Columbia University
                                                314 Low Library
                                                535 West 116th Street
                                                New York, NY 10027
                                                jameel.jaffer@knightcolumbia.org
                                                (212) 854-9600

                                                *Counsel for Plaintiff*