UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF JUSTICE, and U.S. DEPARTMENT OF STATE,<br><br>Defendants. | No. 1:17-cv-07572-ALC |

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF[1]**

Plaintiff Knight First Amendment Institute at Columbia University (the "Knight Institute"), by and through its attorneys, hereby complains as follows against Defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), U.S. Immigration and Customs Enforcement ("ICE"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Department of Justice ("DOJ"), and U.S. Department of State ("DOS"):

**INTRODUCTION**

1. In this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, the Knight Institute seeks the immediate release of agency

---

[1] Plaintiff files this amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Defendants' counsel provided written consent for the filing of an amended complaint on March 8, 2018, which Plaintiffs have submitted by letter to the Court. ECF No. 41. A true and correct copy of that letter, along with Defendants' written consent, is attached hereto as Exhibit A.

records concerning the exclusion or removal of individuals from the United States based on their speech, beliefs, or associations.

2. During his 2016 presidential campaign, then-candidate Donald Trump evoked a Cold War-era "ideological screening test" for admission into the United States and proclaimed that a "new screening test" involving "extreme, extreme vetting" was overdue.[2]

3. A week after his inauguration, President Trump issued Executive Order 13,769, declaring that the United States "must ensure that those admitted to this country do not bear hostile attitudes toward it and its founding principles" and "cannot, and should not, admit those who do not support the Constitution." Exec. Order No. 13,769, 82 Fed. Reg. 8,977 (Jan. 27, 2017). The President subsequently explained that only individuals who "want to love our country" should be admitted into the United States.[3]

4. Following legal challenges to the January 27, 2017 order, the President issued a revised order on March 6, 2017. That order directed the Secretary of State, the Attorney General, the Secretary of Homeland Security, and the Director of National Intelligence to develop a more robust vetting program for visa applicants and refugees seeking entry into the United States, involving, among other things, "collection of all information necessary for a rigorous evaluation of all grounds of inadmissibility." Exec. Order No. 13,780, 82 Fed. Reg. 13,209, 13,215 (Mar. 6, 2017). The order further required the Secretary of Homeland Security, in conjunction with the Secretary of State, Attorney General, and Director of National Intelligence, to make periodic reports through October 2, 2017 on their progress in developing the new vetting program. Exec.

---

[2] Karen DeYoung, *Trump Proposes Ideological Test for Muslim Immigrants and Visitors to the U.S.*, Wash. Post (Aug. 15, 2016), https://perma.cc/G9SC-EPHT.

[3] *Trump Defends Immigration Restrictions, Wants People 'Who Love Our Country,'* Chi. Trib. (Feb. 6, 2017), http://trib.in/2vIQeuw.

Order No. 13,780, 82 Fed. Reg. at 13,215.

5. Pursuant to President Trump's order, DHS and DOS have been developing new vetting policies.[4] For example, following approval by the U.S. Office of Management and Budget in late May 2017, DOS adopted a new questionnaire for certain visa applicants requesting any social media platforms and handles used during the last five years. 82 Fed. Reg. 20,956, 20, 957 (May 4, 2017).[5] More recently, DHS modified its system of immigration records to include the "social media handles, aliases, [and] associated identifiable information," as well as "publicly available information obtained from the internet, . . . and information obtained and disclosed pursuant to information sharing agreements." 82 Fed. Reg. 43,556, 43,557 (Sept. 18, 2017). This modification covers not only visa applicants, but also naturalized U.S. citizens and lawful permanent residents, *id.* at 43,560, and it took effect on October 18, 2017, *id.* at 43,556.

6. The public has an urgent need to know about these and other new vetting policies, and about the government's understanding of its authority to base immigration decisions on individuals' speech, beliefs, or associations. Furthermore, the public has a right to evaluate the government's past and ongoing reliance on existing statutory provisions to exclude or remove individuals from the United States on those grounds.

7. Toward that end, the Knight Institute submitted an identical FOIA Request (the

---

[4] *See* Jordan Fabian & Morgan Chalfant, *Trump Quietly Puts Teeth Into His 'Extreme Vetting' Policy*, The Hill (June 29, 2017), https://perma.cc/5J5C-TDW3. *But see* Michael D. Shear & Ron Nixon, *Despite Trump's Tough Talk on Travel Ban, Few Changes to Vetting*, N.Y. Times (June 11, 2017), https://www.nytimes.com/2017/06/11/us/politics/as-trump-sounds-urgent-note-on-travel-ban-a-vetting-revamp-grinds-on.html?mcubz=0.

[5] Yeganeh Torbati, *Trump Administration Approves Tougher Visa Vetting, Including Social Media Checks*, Reuters (May 31, 2017), https://perma.cc/2BUE-FLKJ.

"Request") to DHS, CBP, ICE, USCIS, DOJ,[6] and DOS on August 7, 2017. The Request sought, among other things, information about any new vetting policies, and about the government's understanding of its authority to base immigration decisions on individuals' speech, beliefs, or associations.

8. On September 29, 2017, ICE released 1,666 pages of records responsive to the Request but withheld all but thirteen of those pages, claiming exemptions under FOIA. The Knight Institute sought review of this response in an administrative appeal submitted on December 22, 2017 and amended on January 5, 2018.

9. On February 6, 2018, ICE responded to the administrative appeal. ICE affirmed the withholdings in its initial production, but remanded the Request to the ICE FOIA Office to conduct new and/or additional searches. On February 13, 2018, ICE informed the Knight Institute that it had completed its search and would begin processing the potentially responsive records. On March 7, 2018, ICE released a small subset of those records. ICE has failed to release, or even to describe, the full set of records responsive to the Request.

10. All other Defendants have failed to release any records responsive to the Request.

11. The Knight Institute now seeks the injunctive relief necessary to ensure Defendants' timely compliance with FOIA's requirements.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

13. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

---

[6] Specifically, the Knight Institute submitted the Request to the DOJ Office of Public Affairs ("OPA"), Office of Information Policy ("OIP"), and Office of Legal Counsel ("OLC").

## PARTIES

14.     The Knight Institute is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Public education is essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning 5 U.S.C. § 551(2).

15.     DHS is an "agency" within the meaning of 5 U.S.C. § 552(f). CBP, ICE, and USCIS are components of DHS. DHS and these components have possession and control over some or all of the requested records.

16.     DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). DOJ has possession and control over some or all of the requested records.

17.     DOS is an "agency" within the meaning of 5 U.S.C. § 552(f). DOS has possession and control over some or all of the requested records.

## FACTUAL ALLEGATIONS

### *The FOIA Request*

18.     On August 7, 2017, the Knight Institute submitted identical versions of the Request[7] to all Defendants.

19.     In general, the Request seeks information about any new vetting policies, and about the government's understanding of its authority to base immigration decisions on individuals' speech, beliefs, or associations. The Request further seeks information about the government's

---

[7] A true and correct copy of the Request is attached hereto as Exhibit B.

past and ongoing reliance on existing statutory provisions to exclude or remove individuals from the United States on those grounds.

20. The relevant statutory provisions include the "endorse or espouse provisions" of the Immigration and Nationality Act ("INA"), which make inadmissible any alien who "endorses or espouses terrorist activity or persuades others to endorse or espouse terrorist activity," 8 U.S.C. § 1182(a)(3)(B)(i)(VII), or who is a representative of "a political, social, or other group that endorses or espouses terrorist activity," 8 U.S.C. § 1182(a)(3)(B)(i)(IV)(bb). The endorse or espouse provisions provide a basis for removal as well. *See* 8 U.S.C. § 1225(c) (expedited removal of arriving aliens); 8 U.S.C. § 1227(a)(4)(B) (removal of admitted aliens); *see also* 8 U.S.C. § 1158(b)(2)(A)(v) (removal of refugees otherwise qualified for asylum on similar grounds).

21. The relevant statutory provisions also include the "foreign policy provision" of the INA, which makes inadmissible any "alien whose entry or proposed activities in the United States . . . would have potentially serious adverse foreign policy consequences." 8 U.S.C. § 1182(a)(3)(C)(i). Under certain circumstances, such aliens are inadmissible even where the determination of inadmissibility is based on "beliefs, statements or associations [that] would be lawful within the United States." 8 U.S.C. § 1182(a)(3)(C)(iii); s*ee also* 8 U.S.C. §§ 1225(c)(1), 1227(a)(4)(C) (providing for expedited removal and removal on the same grounds).

22. Specifically, the Request seeks (1) communications from the White House to any federal agency since January 19, 2017, regarding consideration of individuals' speech, beliefs, or associations in connection with immigration determinations. The Request further seeks the following records created on or after May 11, 2005: (2) all memoranda concerning the legal implications of excluding or removing individuals from the United States based on their speech, beliefs, or associations; (3) all legal or policy memoranda concerning the endorse or espouse

6

provisions, or the foreign policy provision as it relates to "beliefs, statements or associations"; (4) all records containing policies, procedures, or guidance regarding the application or waiver of the endorse or espouse provisions or the foreign policy provision; (5) all Foreign Affairs Manual sections (current and former) relating to the endorse or espouse provisions or the foreign policy provision, as well as records discussing, interpreting, or providing guidance regarding such sections; and (6) all records concerning the application or waiver of the endorse or espouse provisions to exclude or remove individuals from the United States, or the application or waiver of the foreign policy provision to exclude or remove individuals from the United States based on "beliefs, statements or associations."

23. The Knight Institute requested expedited processing of the Request on the ground that there is a "compelling need" for the documents because they contain information "urgent[ly]" needed by the Knight Institute, an organization "primarily engaged in disseminating information," in order to "inform the public concerning actual or alleged Federal Government Activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

24. The Knight Institute also requested a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and that disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii); (b) the Knight Institute is an "educational . . . institution" whose purposes include "scholarly . . . research" and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II); and (c) the Knight Institute is a "representative of the news media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

*ICE Responses and Administrative Appeal*

25. By email dated August 23, 2017, ICE acknowledged receipt of the Request and assigned it reference number 2017-ICFO-43023. ICE invoked a ten-day extension of its response time, granted the Knight Institute's request for a fee waiver, and initially denied its request for expedited processing. Following an administrative appeal of that denial, ICE granted the request for expedited processing on September 26, 2017.

26. On September 29, 2017, ICE sent the Knight Institute a "final response" to its FOIA request "for 1. All directives, memoranda, guidance, emails, or other communications sent by the White House to any federal agency since January 19, 2017, regarding consideration of individuals' speech, beliefs, or associations in connection with immigration determinations, including decisions to exclude1 [sic] or remove individuals from the United States (please see request for more details)." The letter mentioned no other Item of the Request and contained no other indication that it constituted a response to the entire Request.[8]

27. As part of its September 29, 2017 response, ICE released 1,666 pages of records responsive to the Request. ICE withheld 1,653 of those pages in full, however, claiming FOIA exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

28. On October 4, 2017, the Knight Institute filed its original Complaint against all Defendants, including ICE. Thereafter, ICE informed the Knight Institute of its position that the Knight Institute had failed to exhaust its administrative remedies with respect to ICE's September 29, 2017 response. On December 21, 2017, the Knight Institute submitted an administrative appeal requesting review of ICE's response to Item 1 of the Request, on the view that ICE had responded

---

[8] A true and correct copy of ICE's September 29, 2017 response letter is attached hereto as Exhibit C.

only as to that Item.[9]

29.     On December 28, 2017, ICE filed a pre-motion letter with the Court indicating its intent to pursue a motion to dismiss. ECF No. 28. Characterizing its September 29, 2017 response as a final response to the entire Request, ICE argued that the Knight Institute had failed to exhaust its administrative remedies prior to filing suit. *Id.* at 2–3. Based on ICE's characterization of its September 29, 2017 response, the Knight Institute amended its administrative appeal by letter dated January 5, 2018, to request review of ICE's response to the entire Request.[10]

30.     On January 11, 2018, the Knight Institute and counsel for ICE filed a stipulation of voluntary dismissal, without prejudice, of ICE from this lawsuit. ECF No. 29. On January 16, 2018, the Court dismissed ICE without prejudice. ECF No. 31.

31.     On February 6, 2018, ICE responded to the Knight Institute's amended administrative appeal, concluding that the withholdings in its initial production were "proper in all respects," but determining that "new search(s) or modifications to the existing search(s) . . . could be made," and remanding the Request to ICE's FOIA Office for further processing and retasking.[11]

32.     On February 13, 2018, ICE informed the Knight Institute that ICE had located approximately 14,000 pages of "potentially responsive documents," and that it would "commit to reviewing and processing a minimum of 500 pages per month." ICE indicated that the first production would be made on March 7, 2018, with subsequent productions on the seventh day of

---

[9] A true and correct copy of the Knight Institute's December 21, 2017 administrative appeal is attached hereto as Exhibit D.

[10] A true and correct copy of the Knight Institute's January 5, 2018 letter amending its administrative appeal is attached hereto as Exhibit E.

[11] A true and correct copy of ICE's February 6, 2018 response letter is attached hereto as Exhibit F.

each month thereafter.[12]

33.     By letter dated March 7, 2018, ICE informed the Knight Institute that it had processed 560 pages of records and referred 87 of those pages to other agencies. Along with the letter, ICE released 463 pages, redacting certain pages and withholding others in their entirety on the basis of FOIA exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).[13]

34.     To date, ICE has failed to respond adequately to the Request as required by FOIA.

### *Other Agency Responses*

35.     By letter dated August 17, 2017, DHS acknowledged receipt of the Request and assigned it reference number 2017-HQFO-01179. DHS invoked a ten-day extension of its response time but granted the Knight Institute's request for expedited processing and a fee waiver. To date, DHS has released no records responsive to the Request.

36.     On August 15, 2017, CBP sent the Knight Institute an email notification confirming receipt of the Request and assigning it tracking number CBP-2017-080352. CBP did not issue a formal acknowledgement letter. To date, CBP has not responded to the Knight Institute's requests for expedited processing and a fee waiver, nor has it released any records responsive to the Request.

37.     USCIS effectively acknowledged receipt of the Request in emails dated September 8, 2017 and September 18, 2017, requesting clarification regarding the scope of certain items of the Request and assigning it reference number COW2017000956. To date, USCIS has not responded to the Knight Institute's requests for expedited processing and a fee waiver, nor has it released any records responsive to the Request.

---

[12] A true and correct copy of ICE's February 13, 2018 email is attached hereto as Exhibit G.

[13] A true and correct copy of ICE's March 7, 2018 response letter is attached hereto as Exhibit H.

38. By letter dated August 17, 2017, DOJ OIP acknowledged receipt of the Request and assigned it reference number DOJ-2017-005910. DOJ OIP noted that the Request required a search in another office and therefore involved "unusual circumstances," granted the Knight Institute's request for expedited processing, and stated that it had not reached a decision regarding the Knight Institute's request for a fee waiver. To date, DOJ OIP has released no records responsive to the Request.

39. By letter dated August 21, 2017, DOJ OLC acknowledged receipt of the Request and assigned it reference number FY17-275. DOJ OLC noted that it had tentatively assigned the Request to the "complex" processing track, denied the Knight Institute's request for expedited processing, and stated that it had not reached a decision regarding the Knight Institute's request for a fee waiver. The Knight Institute submitted an administrative appeal challenging DOJ OLC's denial of expedited processing to DOJ OIP on August 31, 2017, but has yet to receive a decision. To date, DOJ OLC has released no records responsive to the Request.

40. To date, DOJ OPA has not acknowledged receipt of the Request, responded to the Knight Institute's requests for expedited processing and a fee waiver, or released any records responsive to the Request.

41. By letter dated August 15, 2017, DOS acknowledged receipt of the Request and assigned it reference number F-2017-14346. DOS granted the Knight Institute's request for expedited processing and a fee waiver. To date, DOS has released no records responsive to the Request.

**CAUSES OF ACTION**

1. Defendants' failure to make records responsive to the Request promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

2. Defendants' failure to process the Request as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations.

3. DOJ's, USCIS's, and CBP's failure to grant the Knight Institute's request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

4. DOJ's, USCIS's, and CBP's failure to grant the Knight Institute's request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), (iii), and Defendants' corresponding regulations.

5. ICE has wrongly withheld responsive agency records to which the Knight Institute is entitled under FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants to conduct a thorough search for responsive records;

B. Order Defendants to process and release any responsive records immediately;

C. Enjoin Defendants DOJ, USCIS, and CBP from charging Plaintiff search, review, and duplication fees relating to the Request;

D. Retain jurisdiction of this action to ensure no agency records are wrongfully withheld, and order Defendants to disclose any wrongfully withheld records;

E. Award Plaintiff its reasonable costs and attorney's fees incurred in this action; and

F. Grant such other and further relief as the Court may deem just and proper.

Dated: March 12, 2018	Sincerely,

*/s/ Jameel Jaffer*

Jameel Jaffer (JJ-4653)
Alex Abdo (AA-0527)
Carrie DeCell (CD-0731)
Knight First Amendment Institute at
    Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
jameel.jaffer@knightcolumbia.org
(646) 745-8500

*Counsel for Plaintiff*

*/s/ Catherine Crump*

Catherine Crump (CC-4067)
Megan Graham (*pro hac vice*)
Samuelson Law, Technology & Public Policy
    Clinic
University of California, Berkeley, School of
    Law
433 Boalt Hall, North Addition
Berkeley, CA 94720-7200
ccrump@clinical.law.berkeley.edu
(510) 642-5049

*Counsel for Plaintiff*