**KNIGHT FIRST AMENDMENT INSTITUTE**
at Columbia University

July 22, 2019

*Via ECF and Email*

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:    *Knight First Amendment Institute v. U.S. Department of Homeland Security, et al.,* **Case No. 17-CV-7572 (ALC)**

Dear Judge Carter:

      The Knight First Amendment Institute at Columbia University (the "Knight Institute" or "Institute") respectfully submits this letter to provide a more detailed explanation of its understanding of the parties' agreement regarding the new search to be conducted by the Department of Homeland Security ("DHS") for records responsive to the Institute's request (the "Request") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The parties' agreement regarding the terms and timeline of DHS's new search is set forth in the Third Joint Status Report. ECF No. 129.

### DHS's Record Storage and Search Capabilities

      Based on communications with DHS's counsel, the Knight Institute understands DHS's record storage practices and search capabilities as follows.

      DHS stores final policy memoranda and equivalent guidance in a central repository called the "IQ Policy Database." Individual program offices tend not to store records in central file-sharing systems or other repositories; rather, program offices largely rely on email systems to exchange and store the records that would likely be responsive to the provisionally narrowed Request. *See* Joint Status Report ("Apr. 9 JSR"), ECF No. 48 (describing provisionally narrowed Request). In this case, moreover, the program offices determined that they could not conduct searches limited to Word documents or PDF files, so to identify "final policy memoranda and equivalent records" responsive to the provisionally narrowed Request, *id.* ¶ 2.b, they must search email records and then manually review the results for responsive attachments.

DHS migrated its email systems to a "journaling server" in May 2015 and to a Microsoft 365 system in May 2018. Email records dating before May 2015 are stored on back-up tapes and, therefore, are time consuming to search.

To search email records dating from May 2015 to the present, DHS uses a tool that searches both emails and any attachments thereto. If, for example, an email attachment contains a search term, then the search tool will identify both the email and the attachment as potentially responsive.

DHS can search email records dating after May 2015 using Boolean operators such as "AND" and "OR," allowing it to impose narrowing conditions on a set of search terms. For example, a search for *(house OR car) AND (cat OR dog)* will simultaneously search for documents that contain four sets of terms: (1) house AND cat; (2) house AND dog; (3) car AND cat; and (4) car AND dog. That search will not, however, return records containing only one of the terms house, car, cat, or dog, or containing only the terms house AND car or the terms cat AND dog.

### The Parties' Negotiations and DHS's Search History

On February 25, 2019, DHS's counsel informed the Knight Institute that DHS had voluntarily agreed to conduct a new search for responsive records. *See* ECF No. 88. On February 26, 2019, the Knight Institute sent DHS's counsel proposed search terms for records responsive to Items 2–4, 6(a), and 6(e) of the provisionally narrowed Request and the following list of databases and program offices for DHS to search: the IQ policy database; Office of the General Counsel; Office of Civil Rights & Civil Liberties; Office of the Secretary (including Chief of Staff, Executive Secretary, etc.); Office of Strategy, Policy, and Plans; Office of Intelligence & Analysis; Office of Operations Coordination; and the Privacy Office.

Following negotiations over the proposed search terms, DHS agreed on March 5, 2019, to search its IQ Policy Database and the seven identified program offices for records responsive to Items 2, 3, 4, 6(a) and 6(e) of the provisionally narrowed Request ("Search 1") using the following two sets of terms ("March 5 Terms"):

((immigra* OR visa OR asyl* OR remov* OR exclu* OR deni* OR deny* OR refus*) **AND** (vetting OR endors* OR espous* OR "foreign policy consequences" OR "ideological screening" OR "first amendment" OR "1st amendment" OR speech OR belief* OR association*))

OR

(1182(a)(3)(B)(i)(VII)   OR   212(a)(3)(B)(i)(VII)   OR
1182(a)(3)(B)(i)(IV)(bb)  OR  212(a)(3)(B)(i)(IV)(bb)  OR

2

> 1182(a)(3)(C)(i) OR 212(a)(3)(C)(i) OR 1182(a)(3)(C)(iii) OR 212(a)(3)(C)(iii) OR 1225(c) OR 235(c) OR 1227(a)(4)(B) OR 237(a)(4)(B) OR 1227(a)(4)(C) OR 237(a)(4)(C) OR 1158(b)(2)(A)(v) OR 208(b)(2)(A)(v))

On April 9, 2019, DHS's counsel informed the Knight Institute that DHS had completed its search of the IQ Policy Database and that the search resulted in no responsive records. DHS's counsel also informed the Knight Institute that it had searched the specified program offices' post-2015 email records, which resulted in over 464,000 documents.

On April 22, 2019, the Knight Institute proposed narrowed search terms and offered to join a call with DHS to discuss the search terms and address any confusion.

In the course of briefing the first round of cross-motions for summary judgment, the Knight Institute learned that DOJ-OLC's search would not have identified DHS and other defendant agency records responsive to Item 1 of the Request. Therefore, on April 24, 2019, the Knight Institute proposed a second set of search terms for DHS to run in order to identify records responsive to Item 1 ("Search 2"). DHS's counsel shared the proposed Search 2 terms with DHS the same day.

The Knight Institute requested updates on the status of DHS's new searches on June 3, June 7, and June 13, 2019, but received no substantive responses.

On June 17, 2019, DHS's counsel clarified that DHS had searched its program offices in April, prior to the Knight Institute's April 22, 2019 email proposing narrowed search terms. In its April search, DHS used the following terms, which resulted in 1.2 terabytes of data:

> ((immigra* OR visa OR asyl* OR remov* OR exclu* OR deni* OR deny* OR refus*) **AND** (vetting OR "endorse or espouse" OR "endorses or espouses" OR "endorsed or espoused" OR "endorsing or espousing" OR "foreign policy consequences" OR "ideological screening" OR "first amendment" OR "1st amendment" OR "protected speech" OR "political speech" OR "political belief*" OR "political association*"))

DHS then proposed new terms for Search 1, which expanded the wildcards (denoted with "*") into individual terms, while also separating some combined terms into their individual components (*e.g.*, replacing the combined term "endorse and espouse" with "endorse" and "espouse" as two separate terms), and omitting the statutory provisions ("June 17 Terms"):

3

>(("immigrant" OR "immigrants" OR "immigration" OR visa OR "asylum" OR "asylee" OR "remove" OR "removal "OR "removals" OR "removable" OR "exclude" OR "excluded" OR "deny" with "deny" OR "denial" OR "denials" OR "denied" OR with "refuse" OR "refused" OR "refusal") AND (vetting OR "endorse" OR "endorsed" OR "endorsing" OR "espouse" OR "espoused" OR "espousing" OR "foreign policy consequences" OR "ideological screening" OR "first amendment" OR "1st amendment" OR "speech" OR "belief" with "believ" OR "beliefs" OR "association" or "associations"))

DHS's counsel further informed the Knight Institute that DHS was currently running Search 2 with the wildcards expanded into individual terms.

On June 18, 2019, the Knight Institute clarified that its proposed search consisted of four sets of search terms—two sets each under Searches 1 and 2—and revised those search terms to expand wildcards into individual terms and narrow certain other terms ("June 18 Terms"):

>Search 1 (for Items 2–[4, 6(a), and 6(e)] of the Request)[1]
>
>Search 1(a): ((immigrant OR immigrants OR immigration OR visa OR asylum OR asylee OR exclude OR excludes OR excluding OR exclusion OR deny OR denial OR denials OR refusal OR refusing OR refuse OR refuses OR refused OR removal OR removals OR remove OR removes OR removed OR removing OR removable) **AND** (vetting OR "endorse or espouse" OR "endorses or espouses" OR "endorsed or espoused" OR "endorsing or espousing" OR "foreign policy consequences" OR "ideological screening" OR "first amendment" OR "1st amendment" OR "protected speech" OR "political speech" OR "political belief" OR "political beliefs" OR "political association" OR "political associations"))
>
>Search 1(b): ("1182(a)(3)(B)(i)(VII)" OR "212(a)(3)(B)(i)(VII)" OR "1182(a)(3)(B)(i)(IV)(bb)" OR "212(a)(3)(B)(i)(IV)(bb)" OR "1182(a)(3)(C)(i)" OR "212(a)(3)(C)(i)" OR "1182(a)(3)(C)(iii)" OR "212(a)(3)(C)(iii)" OR "1225(c)" OR "235(c)" OR "1227(a)(4)(B)" OR "237(a)(4)(B)" OR "1227(a)(4)(C)"

---

[1] In its June 18, 2019 email, the Knight Institute mistakenly characterized Search 1 as covering Items 2–5 of the provisionally narrowed Request. The Knight Institute subsequently informed DHS's counsel of the mistake and confirmed that Search 1 covered Items 2–4, 6(a), and 6(e) of the provisionally narrowed Request.

4

> OR "237(a)(4)(C)" OR "1158(b)(2)(A)(v)" OR "208(b)(2)(A)(v)")
>
> Search 2 (for Item 1 of the Request)
>
> Search 2(a): ((vetting OR exclude OR excludes OR excluding OR exclusion OR deny OR denies OR denial OR denials OR refusal OR refusing OR refuse OR refuses OR refused OR removal OR removals OR remove OR removes OR removed OR removing OR removable OR "additional scrutiny" OR "heightened scrutiny" OR "national security and public safety information" OR "national security and public-safety risk assessment") **AND** ("social media" OR ideology OR ideological OR "first amendment" OR "1st amendment" OR "protected speech" OR "political speech" OR "political belief" OR "political beliefs" OR "political association" OR "political associations" OR "civil liberties"))
>
> Search 2(b): ("extreme vetting" OR "enhanced vetting" OR "visa lifecycle vetting" OR "13769" OR "13,769" OR "Protecting the Nation from Foreign Terrorist Entry into the United States" OR "13780" OR "13,780" OR "9645" OR "9,645" OR "Enhancing Vetting Capabilities and Processes" OR "9723" OR "9,723" OR "Maintaining Enhanced Vetting Capabilities and Processes" OR "Optimizing the Use of Federal Government Information" OR "National Vetting Enterprise" OR "National Vetting Center" OR "Visa Security")

The Knight Institute again offered to join a call with DHS to address any questions about the proposed search.

On June 28, 2019, counsel for DHS informed the Knight Institute that DHS had run a variation of the first half of Search 1 from the June 17 Terms and the June 18 Terms:

> ("immigrant" OR "immigrants" OR "immigration" OR visa OR "asylum" OR "asylee" OR "remove" OR "removal "OR "removals" OR "removable" OR "exclude" OR "excluded" OR "deny" OR "denial" OR "denials" OR "denied" OR "refuse" OR "refused" OR "refusal") AND (vetting OR "endorse" OR "endorsed" OR "endorsing" OR "endorses" OR "espouse" OR "espoused" OR "espousing" OR "espouses" OR "foreign policy consequences" OR "ideological screening" OR "first amendment" OR "1st amendment" OR "protected speech" OR "political speech"

5

>  OR "political speech" OR "political belief*" OR "political association")

DHS conducted the search over nights from June 19 to June 26, 2019. DHS searched the post-2015 email records of more than 300 custodians from the specified program offices, resulting in 240,000 unique documents totaling 431 gigabytes in size.

On July 1, 2019, the Knight Institute again asked to schedule a call with DHS to clarify its proposed search and address any questions DHS might have. The Knight Institute also made one small modification to Search 1(a) (moving the "vetting" term to the first parenthetical) in an attempt to narrow the results even further.

On July 8, 2019, the Knight Institute urged DHS to conduct its search using the June 18 Terms as modified to move "vetting" terms to the first parenthetical of Search 1(a). The Knight Institute also expressed a willingness to remove certain program offices from the search provided some explanation as to why those offices were unlikely to have responsive records.

On July 15, 2019, DHS's counsel informed the Knight Institute that DHS agreed to run the search using the exact terms the Knight Institute had most recently proposed, but that DHS proposed two further limitations. First, DHS proposed to limit the search to records dating after May 2015. Second, DHS proposed to remove the Office of Intelligence & Analysis, the Office of Operations Coordination, and the Privacy Office from the list of offices to search, based on its understanding that those offices were less likely to have responsive records.

On July 16, 2019, the Knight Institute agreed to remove the Office of Intelligence & Analysis, the Office of Operations Coordination, and the Privacy Office from the list of offices to search. The Knight Institute further informed DHS's counsel that it would agree to limit DHS's search to records dating after May 2015, on the condition that the Knight Institute could request specific records dating before May 2015 based on information learned from DHS's post–May 2015 productions.

On July 17, 2019, the parties agreed to include in DHS's processing schedule a meet-and-confer regarding any requests for specific records dating before May 2015. The Knight Institute stated that it would not request documents dating before May 11, 2005. As noted above, the remainder of the parties' agreement regarding the specific terms and timeline of DHS's new search is set forth in the Third Joint Status Report. ECF No. 129.

*   *   *

We thank the Court for its attention to this matter.

Respectfully,

| | |
|---|---|
| */s/ Carrie DeCell* | */s/ Megan Graham* |

| | |
|---|---|
| Carrie DeCell (CD-0731) | Megan Graham (*pro hac vice*) |
| Jameel Jaffer (JJ-4653) | Catherine Crump (CC-4067) |
| Alex Abdo (AA-0527) | Samuelson Law, Technology & Public Policy Clinic |
| Adi Kamdar (*pro hac vice*) | |
| Knight First Amendment Institute at Columbia University | U.C. Berkeley School of Law |
| | 354 Boalt Hall |
| 475 Riverside Drive, Suite 302 | Berkeley, CA 94720-7200 |
| New York, NY 10115 | mgraham@clinical.law.berkeley.edu |
| carrie.decell@knightcolumbia.org | (510) 664-4381 |
| (646) 745-8500 | |
| | *Counsel for Plaintiff* |
| *Counsel for Plaintiff* | |

cc: Ellen Blain, Esq. (via Email)

7