UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF JUSTICE, and U.S. DEPARTMENT OF STATE,<br><br>      Defendants. | No. 1:17-cv-07572-ALC |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION**

Carrie DeCell (CD-0731)
Jameel Jaffer (JJ-4653)
Alex Abdo (AA-0527)
Leena Charlton (5622147)
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
carrie.decell@knightcolumbia.org
(646) 745-8500

*Counsel for Plaintiff*

Megan Graham (*pro hac vice*)
Catherine Crump (CC-4067)
Samuelson Law, Technology & Public
 Policy Clinic
U.C. Berkeley School of Law
354 Boalt Hall
Berkeley, CA 94720-7200
mgraham@clinical.law.berkeley.edu
(510) 664-4381

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................................... 1

ARGUMENT ...................................................................................................................................... 1

    I.      ICE's Motion for Partial Reconsideration Is an Attempt to Relitigate Issues That Were Fully Briefed and Addressed by the Court in the September 16 Order. ................................................................................................................................... 2

    II.     The Court's Orders with Respect to DOS and USCIS Are Clear as Written, and Defendants Present No Circumstances Warranting Reconsideration of Those Orders. ......................................................................................................................... 5

CONCLUSION ................................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F. Supp. 2d 328 (S.D.N.Y. 2001) ........................................................................................................................... 5

*Am. Civ. Liberties Union v. Dep't of Def.*, 339 F. Supp. 2d 501 (S.D.N.Y. 2004) ........................ 9

*Am. Civ. Liberties Union v. Dep't of Def.*, 374 F. Supp. 2d 708  (S.D.N.Y. 2005) ........................ 9

*Am. Civ. Liberties Union v. Dep't of Def.*, 396 F. Supp. 2d 459 (S.D.N.Y. 2005) ........................ 9

*Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36 (2d Cir. 2012) ............................. 2

*Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17 (S.D.N.Y. 2005) ...................................... 2

*Assoc. Press v. U.S. Dep't of Def.*, 554 F.3d 274 (2d Cir. 2009) ................................................... 8

*Bd. of Mgrs. of Soho Int'l Arts Condo. v. City of N.Y.*, No. 01-cv-1226-DAB, 2003 WL 21767653 (S.D.N.Y. July 31, 2003) ................................................................................ 2

*Brennan Ctr. for Justice v. U.S. Dep't of State*, 300 F. Supp. 3d 540  (S.D.N.Y. 2018) ........................................................................................................................... 9

*Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186 (2d Cir. 2003) ............................................ 1

*Goonan v. Fed. Reserve Bank of N.Y.*, No. 12-cv-3859-JPO, 2013 WL 1386933 (S.D.N.Y. Apr. 5, 2013) ........................................................................................................ 2

*Gustavia Home LLC v. Rice*, 724 Fed. App'x 87 (2d Cir. 2018) .................................................. 8

*Human Rights Watch v. Bureau of Prisons*, No. 13-cv-7360-JPO, 2016 WL 3541549 (S.D.N.Y. June 23, 2016) ............................................................................................ 3

*Intellectual Prop. Watch vs. U.S. Trade Rep.*, 134 F. Supp. 3d 726 (S.D.N.Y. 2015) ........................................................................................................................... 9

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99 (2d Cir. 2013) ............................................................................................................................ 2

*N.Y. Times Co. v. U.S. Dep't of Justice*, 915 F. Supp. 2d 508 (S.D.N.Y. 2013) ........................... 9

*Nat'l Council of La Raza v. Dep't of Justice*, No. 03-cv-2559-LAK, 2004 WL 2314455 (S.D.N.Y. Oct. 14, 2004) ............................................................................................ 3

*Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986) ............................................................................ 1

*Open Soc'y Justice Initiative v. CIA*, 19-cv-234-PAE, 2019 WL 3561889
    (S.D.N.Y. Aug. 6, 2019) ..................................................................................... 10

*Seife v. U.S. Dep't of State*, 298 F. Supp. 3d 592 (S.D.N.Y. 2018) ................................. 7

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ........................................... 3, 5

*Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254 (S.D.N.Y. 2017) ............... 2

**Statutes**

5 U.S.C. § 552 ..................................................................................................................... 1

Fed. R. Civ. P. 60 ............................................................................................................. 10

Plaintiff the Knight First Amendment Institute at Columbia University (the "Knight Institute" or "Institute") respectfully submits this memorandum of law in opposition to the motion of Defendants U.S. Department of State ("DOS"), Immigration and Customs Enforcement ("ICE"), and U.S. Citizenship and Immigration Services ("USCIS") for clarification and partial reconsideration of the Court's Opinions and Orders granting in part and denying in part the Defendants' cross-motions for summary judgment. Defs.' Mot. for Clarification and Partial Reconsideration, ECF No. 143; *see also* Defs.' Mem. of Law in Supp. of Mot. for Clarification and Partial Reconsideration ("Defs.' Mem."), ECF No. 144.

## PRELIMINARY STATEMENT

The Court clearly and correctly ruled that ICE had conducted an inadequate search for records responsive to the Knight Institute's Freedom of Information Act ("FOIA") request (the "Request") and that DOS and USCIS had improperly relied on FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), in withholding certain responsive records. Accordingly, the Court ordered ICE to conduct new searches and ordered DOS and USCIS to release the improperly withheld records in its Opinions and Orders issued on September 16, 2019 ("September 16 Order"), ECF No. 140, and September 23, 2019 ("September 23 Order"), ECF No. 141, respectively. In support of their present motion for clarification and partial reconsideration of those orders, Defendants identify no exceptional circumstances warranting such extraordinary relief.

## ARGUMENT

Reconsideration of a final order constitutes "extraordinary judicial relief" and, as such, "is invoked only upon a showing of exceptional circumstances." *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (citation omitted); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Such circumstances are limited to "an intervening change in controlling law, the availability

of new evidence, or the need to correct clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

The applicable legal standard for a motion for reconsideration, therefore, is "strict, and reconsideration will generally be denied unless a moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* S.D.N.Y. Local Rule 6.3. The moving party thus bears the burden of demonstrating that the Court "overlooked controlling decisions or factual matters that were placed before the court in the underlying motion . . . and that also might materially have influenced its earlier decision." *Bd. of Mgrs. of Soho Int'l Arts Condo. v. City of N.Y.*, No. 01-cv-1226-DAB, 2003 WL 21767653, at *1 (S.D.N.Y. July 31, 2003) (internal quotation marks and citations omitted). A motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017).

**I.   ICE's Motion for Partial Reconsideration Is an Attempt to Relitigate Issues That Were Fully Briefed and Addressed by the Court in the September 16 Order.**

Through its motion for reconsideration, ICE seeks to relitigate arguments previously considered and rejected by the Court without presenting any new information or arguments that were not previously in the record. "Simply put, courts do not tolerate such efforts to obtain a second bite at the apple." *Goonan v. Fed. Reserve Bank of N.Y.*, No. 12-cv-3859-JPO, 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013); *see also Assoc. Press*, 395 F. Supp. 2d at 19. Because ICE provides no cause for the Court to reconsider its previous conclusion regarding the inadequacy of the

2

agency's search based on the lack of "key details about the search terms used, how the agency handled the administrative remand, and how the agency narrowed its search results," September 16 Order 15, the Court should deny ICE's motion.

As an initial matter, the two FOIA cases involving motions for reconsideration cited by ICE are inapposite. *See* Defs.' Mem. 10 (citing *Human Rights Watch v. Bureau of Prisons*, No. 13-cv-7360-JPO, 2016 WL 3541549 (S.D.N.Y. June 23, 2016) and *Nat'l Council of La Raza v. Dep't of Justice*, No. 03-cv-2559-LAK, 2004 WL 2314455 (S.D.N.Y. Oct. 14, 2004)). Both of those cases involved motions to reconsider the applicability of exemptions to particular records, not the adequacy of an agency's search. *See Human Rights Watch*, 2016 WL 3541549, at *1–2 (discussing applicability of Exemption 7(C) to record after *in camera* review); *Nat'l Council of La Raza*, 2004 WL 2314455, at *1–2 (discussing applicability of FOIA Exemption 5 to record after *in camera* review in response to motion for reconsideration). Furthermore, in those cases the moving parties presented *new* information for the Court's attention—information of which the Court was not previously aware because it became apparent only upon subsequent *in camera* review. ICE presents no new information here; rather, it simply points to information conveyed in ICE's previous declarations and the parties' extensive briefing on their cross-motions for summary judgment. There are no new facts for the Court to consider.

Indeed, as ICE concedes, the Court clearly did consider the evidence ICE now highlights in its motion for reconsideration. *See* Defs.' Mem. 2 (acknowledging that the Court cited ICE's May 3, 2019 Supplemental Declaration, ECF No. 113, in the September 16 Order); *see also* September 16 Order 12 (citing the May 3, 2019 Supplemental Declaration). And the Court reasonably rejected ICE's previous arguments about the adequacy of its searches. *See Shrader*, 70 F.3d at 257 (indicating a motion for reconsideration should be denied where the moving party fails

to point to information that "might reasonably be expected to alter the conclusion reached by the court").

Turning to ICE's specific arguments as to the adequacy of searches conducted by the Immigration Law and Practice Division, National Security Law Section, Deputy Principal Legal Advisor, and Field Legal Operations, the agency ignores that the flaws identified by the Court cannot be remedied simply by pointing to a list of search terms previously contained in the record. The Court found fault with ICE's searches because its declarations provided inadequate information not only about the specific search terms used, but also about how those terms related to one another and how the searches were conducted more broadly. *See* September 16 Order 12–15. While certain of the Court's criticisms applied to the search terms used by particular offices, the Court reasonably found that the agency's overall search was "patently incomplete." *Id.* at 15 (quoting *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 877 F. Supp. 2d 87, 96 (S.D.N.Y. 2012)). Nothing in ICE's briefing on this motion undermines that conclusion.

As to ICE's argument that the Court erred in finding that the agency had not provided adequate details about how it handled the administrative remand, it fails as a matter of basic logic. An agency simply cannot preemptively grant an administrative appeal before it has ever been filed, and ICE has not previously attempted to frame the searches conducted between October 2017 and January 2018 as pursuant to such a preemptive grant. Even if ICE anticipated that the Knight Institute would file an administrative appeal, there would be no way for the agency to anticipate the scope of that appeal. Regardless, ICE failed to explain how its pre-appeal searches were related to or adequate in light of the remand. The parties fully briefed this dispute on their cross-motions for summary judgment, and the Court correctly found the agency's explanation of its post-remand

searches inadequate. *See* September 16 Order 15; Defs.' Mem. in Further Supp. of ICE & OLC Mot. for Partial Summ. J. & DOS Mot. for Summ. J. ("Defs.' Opp'n Mem.") 3–5, ECF No. 114; Pl.'s Reply in Supp. of Mot. for Partial Summ. J. ("Pl.'s Reply Mem.") 2–3, ECF No. 117. The parties similarly fully briefed the issue of whether ICE's explanation of its subsequent narrowing of responsive records was adequate, *see* Defs.' Opp'n Mem. 8; Pl.'s Reply Mem. 3, and in light of the briefing, the Court rightly found that it was not. *See* September 16 Order 15.

With those arguments before it and the same factual record that exists now, the Court's September 16 Order faulted ICE for "omitting key details about the search terms used, how the agency handled the administrative remand, and how the agency narrowed its search results." *Id.* It was the collective flaws in the agency's searches that led to the Court's decision, and nothing in ICE's motion for reconsideration undermines that finding. Instead, the motion merely attempts to relitigate and reframe arguments it made in the earlier briefing. *See Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

**II.     The Court's Orders with Respect to DOS and USCIS Are Clear as Written, and Defendants Present No Circumstances Warranting Reconsideration of Those Orders.**

While "clarification of orders is within the sound discretion" of the Court, *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F. Supp. 2d 328, 334 (S.D.N.Y. 2001), the Court's September 16 and 23 Orders need no clarification. DOS and USCIS create their own confusion by conjoining or ignoring language from different parts of the Court's opinions to undermine the Court's orders to the agencies: Release the records improperly withheld pursuant to Exemption 7(E). Then, acknowledging the clear import of these orders, DOS and USCIS ask the Court for yet another opportunity to justify the withholding of those records. DOS and USCIS establish no extraordinary

circumstances warranting even greater delay in the release of information to which the Knight Institute and the public are entitled under FOIA.

*The Foreign Affairs Manual.* After considering the declaration, *Vaughn* Index, supplemental declaration, and arguments DOS submitted in support of its motion for summary judgment, the Court concluded that DOS had failed to justify its withholding of certain sections of Foreign Affairs Manual ("FAM") records pursuant to Exemption 7(E), and that DOS "is not entitled to withhold" those records. September 16 Order 28; *see id.* at 26–28; Pl.'s Mem. in Supp. of Cross-Mot. for Partial Summ. J. & Summ. J. 27 n.14 (identifying records at issue), ECF No. 101. Therefore, the Court ordered DOS to "turnover"—to release—those records to the Knight Institute. September 16 Order 28. DOS attempts to confuse this clear directive by borrowing language from the Court's subsequent denial of the Knight Institute's request for *in camera* review. Defs.' Mem. 11. There, the Court simply explained that *in camera* review was unnecessary given its conclusion that, despite numerous attempts, DOS had failed to justify its withholding of the records at issue and consequently must supplement its submissions *to the Knight Institute* by releasing those records. *See* September 16 Order 28–29.

*The "TRIG Questions."* Likewise, there is no need to clarify the Court's order with respect to USCIS's improper withholding of applicant questions presented in Terrorist-Related Inadmissibility Grounds ("TRIG") training materials, including instructor guides, participant guides, and training slides ("TRIG Questions"). *See* Pl.'s Mem. in Supp. of Cross-Mot. for Summ. J. 17 n.11, ECF No. 108 (identifying TRIG-related records at issue); *id.* at 17–18 (challenging withholding of "model questions" from those records). The Court concluded that USCIS had failed "to justify its application of Exemption 7(E) to the TRIG Questions." September 23 Order 24. Therefore, USCIS must release those questions to the Knight Institute. *See Seife v. U.S. Dep't of*

*State*, 298 F. Supp. 3d 592, 605 (S.D.N.Y. 2018) ("FOIA thus mandates that an agency disclose records on request, unless they fall within one of nine exemptions." (citing *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011))); 5 U.S.C. § 552 (a)(8)(A)(ii) (requiring agency to "take reasonable steps necessary to segregate and release nonexempt information").

USCIS should have no trouble in identifying those questions now, given that USCIS first identified those questions in seeking to justify its withholding of them. As USCIS explained in support of its motion for summary judgment, each of the redacted TRIG training materials "contains specific examples of 'questions that should be asked and topics to cover' when questioning an applicant for admission that 'could trigger assessment of a TRIG bar to admission.'" Defs.' Mem. in Supp. of Mot. of ICE and USCIS for Summ. J. 10, ECF No. 96 (quoting Decl. of Jill A. Eggleston ("Eggleston Decl.") ¶ 37, Mar. 14, 2019, ECF No. 97); Eggleston Decl. ¶ 39 (stating that withheld information included "model questions . . . used by USCIS immigration officers to screen applicants for possible terrorism ties"); *see also* Defs.' Reply Mem. in Supp. of Mot. of ICE and USCIS for Summ. J. 14–15, ECF No. 118. The Court provided further guidance for delineating the non-exempt TRIG Questions, which are outward-facing, used to elicit relevant information from applicants, and thus "susceptible to widespread dissemination," September 23 Order 24, from the "TRIG Exemption Qualifications," which contain "factors to be considered" internally and "applied on a discretionary basis" by the agency to determine an applicant's eligibility. *Id.* While the former are used to elicit information, the latter are used to evaluate that information. It is the difference between the questions on an exam and the answer key.

The Court's orders with respect to DOS and USCIS were not only clear, but also fully consistent with FOIA's overarching presumption in favor of disclosure. *Assoc. Press v. U.S. Dep't*

7

*of Def.*, 554 F.3d 274, 283 (2d Cir. 2009) ("Consistent with FOIA's purpose and design, 'the strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents.' The agency must disclose its records 'unless its documents fall within one of the specific, enumerated exemptions set forth in the Act.'" (quoting *U.S. Dep't of State v. Ray,* 502 U.S. 164, 173 (1991) and *Wood v. FBI*, 432 F.3d 78, 82 (2d Cir. 2005))). The agency therefore bears the burden of justifying its withholding decisions; when it fails to meet that burden, especially after multiple attempts, it is well within the Court's authority to order the release of the withheld records. DOS and USCIS present no exceptional circumstances that support their continued delay in releasing the records they have improperly withheld to date.

Defendants point to no intervening changes in the controlling law or newly available evidence, and they fail to identify clear error or a "manifest injustice" resulting from the Court's September 16 and 23 Orders. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509. Specifically, they present no evidence that the Court overlooked the explanations set forth in the multiple declarations and briefs they submitted in support of their motions for summary judgment, including the national security interests they emphasize in their motion for reconsideration. Defs.' Mem. 13–14. Absent evidence of clear error or manifest injustice, it seems DOS and USCIS seek reconsideration only to relitigate their motions for summary judgment through the submission of yet a third round of declarations explaining their withholding decisions. Defs.' Mem. 15. But again, a "motion for reconsideration is not a vehicle for relitigating old issues, . . . securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Gustavia Home LLC v. Rice*, 724 Fed. App'x 87 (2d Cir. 2018) (quoting *Analytical Surveys, Inc.*, 684 F.3d at 52).

In seeking a second bite at the apple, DOS and USCIS, like ICE, cite inapposite cases. *See* Defs.' Mem. 12. In those cases, the courts found agency submissions insufficiently detailed to

8

enable review of the agency's withholding determinations. *E.g.*, *Intellectual Prop. Watch vs. U.S. Trade Rep.*, 134 F. Supp. 3d 726, 746–47 (S.D.N.Y. 2015) (directing the agency to supplement "purely . . . conclusory statements" and "blanket assertions" regarding applicability of claimed exemptions to withheld records); *N.Y. Times Co. v. U.S. Dep't of Justice*, 915 F. Supp. 2d 508, 545–46 (S.D.N.Y. 2013) (directing agency to submit supplemental declaration after explaining that initial, "wholly conclusory" declaration frustrated the court's review of agency determinations). Here, in contrast, the Court did not fault DOS and USCIS for submitting insufficiently detailed declarations; rather, on the basis of the information provided in the agencies' multiple declarations, the Court concluded that the agencies had failed to demonstrate the applicability of Exemption 7(E) to the FAM records and TRIG Questions at issue. It is well within the Court's authority to rely on the agencies' submissions in reaching those conclusions, rather than prolonging the litigation by affording the agencies endless opportunities to explain their withholding determinations.

To allow an agency endless opportunities to explain its withholding determinations would be to deny the public its statutory right to obtain non-exempt information about the government's policies and practices. Such "[d]elay . . . is prejudicial, for FOIA requires prompt disclosure of non-exempt information relevant to the public interest." *Am. Civ. Liberties Union v. Dep't of Def.*, 374 F. Supp. 2d 708, 712 (S.D.N.Y. 2005); *see also Brennan Ctr. for Justice v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 550 (S.D.N.Y. 2018) (noting that disclosure delays "subvert the intent of FOIA"); *Am. Civ. Liberties Union v. Dep't of Def.*, 339 F. Supp. 2d 501, 504 (S.D.N.Y. 2004). In other words, "time is of the essence in a FOIA case," and courts have accordingly denied agency motions for reconsideration that seek only to "reargue" issues the Court has already decided. *Am. Civ. Liberties Union v. Dep't of Def.*, 396 F. Supp. 2d 459, 463 (S.D.N.Y. 2005); *cf. Open Soc'y*

*Justice Initiative v. CIA*, 19-cv-1329-PAE, 2019 WL 3561889 (S.D.N.Y. Aug. 6, 2019) (denying agencies' motions for reconsideration of a FOIA processing order because of the "paramount public importance" of the request). Moreover, because a motion for reconsideration does not affect the finality or suspend the operation of the Court's orders, Fed. R. Civ. P. 60(c), DOS and USCIS should promptly release the records improperly withheld pursuant to Exemption 7(E).

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion for clarification and partial reconsideration of the September 16 and 23 Orders.

Dated: October 15, 2019

Respectfully submitted,

 */s/ Carrie DeCell*
Carrie DeCell (CD-0731)
Jameel Jaffer (JJ-4653)
Alex Abdo (AA-0527)
Leena Charlton (5622147)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
carrie.decell@knightcolumbia.org
(646) 745-8500

*Counsel for the Plaintiff*

 */s/ Megan Graham*
Megan Graham (*pro hac vice*)
Catherine Crump (CC-4067)
Samuelson Law, Technology &
  Public Policy Clinic
U.C. Berkeley School of Law
354 Boalt Hall
Berkeley, CA 94720-7200
mgraham@clinical.law.berkeley.edu
(510) 664-4381

*Counsel for the Plaintiff*