

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 9, 2020

**Via ECF and Electronic Mail**
Honorable Andrew L. Carter, Jr.
United States District Court
40 Foley Square
New York, NY 10007

      Re:    *Knight First Amendment Institute at Columbia University v. United States Department of Homeland Security, et al.*, 17 Civ. 7572 (ALC)

Dear Judge Carter:

      This Office represents the United States Department of Homeland Security, Customs and Border Protection, Department of Justice, Immigration and Customs Enforcement ("ICE"), Citizenship and Immigration Services ("USCIS"), and Department of State ("State," and collectively, "agencies" or "government") in the above-referenced Freedom of Information Act ("FOIA") action. The government has appealed the Court's disclosure orders dated September 13, 2019, September 23, 2019, and September 14, 2020, Dkt. Nos. 140, 141 & 158. We write respectfully to clarify that the government need not seek a stay of disclosure pending appeal, or alternatively, if the Court determines a stay is necessary, to request a stay pending appeal.

      The Court's opinion & orders dated September 13, 2019, and September 23, 2019, Dkt. Nos. 140-41 ("September 2019 Orders"), directed USCIS, State, and ICE to produce certain material "promptly," but did not set a deadline for production. On September 30, 2019, the agencies timely moved for clarification and partial reconsideration of the September 2019 Orders, and on September 23, 2020, the Court clarified the September 2019 Orders and denied the motion for partial consideration. Dkt. No. 158 ("September 2020 Order"). On November 10, 2020, USCIS, State, and ICE filed a timely notice of appeal of the September 2019 and 2020 Orders. Dkt. No. 166; *see* 28 U.S.C. § 2107; Fed. R. App. P. 4(a).

      Because the September 2019 and 2020 Orders do not require disclosure by a date certain, the government has interpreted them to require the agencies to produce the requested records within a reasonable time. In light of the fact that USCIS, State, and ICE have timely appealed the September 2019 and 2020 Orders, because the agencies would effectively lose the right to appeal upon disclosure of the requested records, the agencies understand the Court's September 2019 and 2020 Orders not to require production of the records while the appeal remains pending.

      Should the Court determine that a stay is necessary, the agencies respectfully request, in the alternative, that the Court enter an order staying the government's disclosure obligations under September 2019 and 2020 Orders pending final disposition of the appeal, for the reasons set forth below. Plaintiff consents to such a stay pending appeal.

Hon. Andrew L. Carter, Jr.                                                                                              Page 2 of 3
December 8, 2020

      Courts consider four factors when determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted). "[T]he degree to which a factor must be present varies with the strength of the other factors"; "more of one factor excuses less of the other." *Id.* (quotation marks, alterations omitted).

      With respect to the first factor, where, as here, the balance of equities strongly favor a stay, the showing required to establish a likelihood of success on the merits is lessened; it is sufficient that the government demonstrate it has a reasonable basis for appeal. *See Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (noting "appellants need not show an absolute probability of success in order to be entitled to a stay" of FOIA disclosure order, and granting stay where government demonstrated that its appeal had "potential merit" and "serious legal questions" were presented); *see also Mohammed v. Reno*, 309 F.3d 95, 100-01 (2d Cir. 2002) (noting "various formulations used to describe the *degree* of likelihood of success that must be shown" to warrant a stay, and concluding that "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer absent the stay" (citations and quotation marks omitted)). For the reasons set forth in its motion papers, the government respectfully submits that it has shown, at the very least, that the agencies' withholdings under Exemptions 5 and 7(E) raise serious legal questions and the government has a reasonable basis for appeal.

      Moreover, "where the district court has had to address issues as to which the appellate courts have provided little direct guidance, the likelihood that an appellate court will take a different approach increases. In such circumstances, a court should hesitate to impose irreparable harm on a party who may seek appeal." *Nat'l Immigration Project of the Nat'l Lawyers Guild v. U.S. Dep't of Homeland Sec.*, 842 F. Supp. 2d 730, 733 (S.D.N.Y. 2012). Here, with regard USCIS's and State's assertion of Exemption 7(E), there is scant case law in the Second Circuit on the application of Exemption 7(E) to records like the TRIG training materials or the relevant portions of the Foreign Affairs Manual,[1] both of which provide factors for immigration and consulate officers to consider when screening applicants for terrorism ties. The Seventh Circuit has addressed a related issue – whether the names of organizations that USCIS categorized as Tier III terrorist organizations were properly withheld pursuant to Exemption 7(E) – and determined that such information is exempt from disclosure. *Heartland Alliance Nat'l Immigrant Justice Ctr. v. U.S. Dep't of Homeland Sec.*, 840 F.3d 419 (7th Cir. 2016). Accordingly, the first factor weighs in favor of a stay. *See Nat'l Immigration Project*, 842 F. Supp. 2d at 733 (granting motion for a stay pending appeal in FOIA case where district court agreed that case was "in some respects, a case of first impression").

---

[1] In light of the procedural history of this matter, the government assumes the Court's familiarity with these terms, as defined in the September 2019 and 2020 Orders.

The second factor overwhelmingly weighs in favor of a stay. "'[O]nce there is disclosure'" in a FOIA matter, "'the information belongs to the general public,'" *id.* (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004)), and any statutory prohibition over disclosure is rendered meaningless and the agencies' appeal will become moot. That in itself is a dispositive reason to grant a stay. *See Nat'l Immigration Project*, 842 F. Supp. 2d at 733 ("failure to stay the [FOIA] disclosure required by the Order would cause the Government irreparable injury if the ruling was erroneous").

The third factor also weighs in the agencies' favor, because the harm to plaintiff consists solely of the passage of time, which is outweighed by the harms to USCIS, State, and ICE, and the harm to the judicial process of not permitting full and fair appellate consideration of this Court's Orders. *Providence Journal Co.*, 595 F.2d at 890; *Nat'l Immigration Project*, 842 F. Supp. 2d at 733 ("The proximate harm to plaintiffs themselves, in any event, is simply the delay itself.").

Finally, the fourth factor weighs in favor of a stay. "This factor calls for the court to weigh the public interest in the matter, and to consider and balance the goal of efficient case administration and the right to a meaningful review on appeal." *In re Taub*, No. 08-44210, 2010 WL 3911360, at *3 (E.D.N.Y. Bankr. Oct. 1, 2010). As for the TRIG Questions, USCIS officers pose these questions to determine whether an applicant has terrorism ties rendering him or her inadmissible, and whether an applicant is nonetheless entitled to an exception to such an inadmissibility determination – for example, where the applicant has provided material support to a terrorist organization under duress. The TRIG Questions and training materials are used by officers within USCIS's Refugee and Asylum Office to determine whether an individual is subject to a TRIG bar pursuant to Section 212(a)(3)(B)(i)-(vi) or subject to an exemption from such a TRIG bar pursuant to Section 212(a)(3)(B)(ii). In effect, these materials are the government's playbook for determining whether an individual seeking immigration status is a national security threat. Similarly, the withheld material in the FAM "details investigation techniques used to assess the core national security concerns that arise in processing visa applications, such as triggers for further security investigations or checking for terrorism ineligibilities." Dkt. No. 112 at ¶ 9. The public has an interest in permitting the Second Circuit to consider whether these materials are properly withheld under FOIA Exemption 7(E). *See Nat'l Immigration Project*, 842 F. Supp. 2d at 733 ("while the Court agrees with plaintiffs that the public has a substantial interest in receiving the information here at issue, the public also has an interest in having disclosures of secretive government documents reviewed by an appellate court").

In summary, the balance of equities strongly favors a stay, as disclosure in this case would moot the government's appeal and thereby cause irreparable harm to the government but relatively little harm to plaintiff. Indeed, in FOIA cases, courts routinely grant stays of disclosure, for "denial of a stay will utterly destroy the status quo . . . but the granting of a stay will cause relatively slight harm to appellee." *Providence Journal Co.*, 595 F.2d at 890; *accord People for Am. Way Found. v. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) ("[p]articularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal"); *see HHS v. Alley*, 129 S. Ct. 1667 (2009)

Hon. Andrew L. Carter, Jr. Page 4 of 3
December 8, 2020

(Thomas, J., in chambers) (staying FOIA disclosure pending disposition of appeal); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) (denial of stay of FOIA order would cause mootness and thus irreparable injury); *Nat'l Council of La Raza v. DOJ*, 411 F.3d 350, 355 n.3 (2d Cir. 2005) (noting court granted a stay of FOIA disclosure order); *Nat'l Immigration Project*, 842 F. Supp. 2d at 733 (granting stay in FOIA case).

      For all those reasons, if the Court determines that a stay pending appeal is necessary, it should be granted here. As noted above, plaintiff consents to such a stay.

      We thank the Court for its consideration of this application.

      Respectfully submitted,

      AUDREY STRAUSS
      Acting United States Attorney
      *Counsel for Defendants*

By:    */s/ Ellen Blain*
      ELLEN BLAIN
      Assistant United States Attorney
      Tel: (212) 637-2743
      Fax: (212) 637-2730
      Email: ellen.blain@usdoj.gov

cc: All Counsel of Record (via ECF)