MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/19/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF JUSTICE, and U.S. DEPARTMENT OF STATE,<br><br>　　　　　　　　Defendants. | No. 1:17-cv-07572-ALC |

## JOINT STATUS REPORT

1.　　Pursuant to the Court's oral order during the status conference held on September 21, 2022, *see* ECF No. 205 (scheduling status conference), the Knight First Amendment Institute at Columbia University (the "Knight Institute" or "Institute") and Defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), U.S. Immigration and Customs Enforcement ("ICE"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Department of Justice ("DOJ"), and U.S. Department of State ("State") (collectively, "Defendants"), respectfully submit this Joint Status Report to update the Court regarding the parties' proposed next steps in this litigation.

2.　　This case concerns the Knight Institute's August 2017 Freedom of Information Act ("FOIA") request (the "Request"), seeking six categories of "records concerning the exclusion or removal of individuals from the United States based on their speech, beliefs, or associations."

Request, ECF No. 42-2. In orders issued on September 13, 2019, September 23, 2019, and September 14, 2020, this Court granted in part and denied in part the parties' cross motions for summary judgment regarding the adequacy of ICE's search and the propriety of certain withholdings by ICE, State, and USCIS. *See* ECF Nos. 140, 141, 158. The Government appealed limited portions of those orders, and the Court of Appeals reversed in part and remanded for further segregability analysis as to one document. *See Knight First Amendment Inst. v. U.S. Citizenship & Immigration Servs.*, 30 F.4th 318 (2d Cir. 2022).

3.  DHS, CBP, USCIS, DOJ, and State completed their searches for and processing of responsive records by November 2020. *See* Joint Status Report ¶¶ 3–4 (Dec. 11, 2020), ECF No. 171. As outlined below, ICE continues to process and produce records responsive to the Request.

4.  Following the future completion of productions by ICE and a conferral process to resolve or narrow any disagreements as to withholdings, the parties anticipate a third and final round of summary judgment briefing on any remaining issues in need of judicial resolution.

5.  In the meantime, there are two ongoing issues. The first is ICE's continued processing of responsive records resulting from new searches the parties agreed upon in July 2021, which the parties are productively working to resolve. The second, which the parties respectfully request that the Court resolve as outlined below, is ICE's continued withholding of a record referred to as "the Foreign Policy Provision Memo" following a further segregability analysis ordered by the Court of Appeals.

**ICE's New Searches and Rolling Productions**

6.  In an order issued on September 13, 2019, the Court directed ICE to conduct another search for potentially responsive documents. ECF No. 140 at 2. ICE moved for

reconsideration of that part of the Court's order, which the Court denied in an order issued on September 19, 2020. ECF No. 158 at 12.

7. As explained in the parties' August 17, 2022 Joint Status Report, ICE conducted new searches for potentially responsive documents; thereafter, the parties conferred to attempt to narrow the search criteria for these records and, on July 12, 2021, reached agreement on revised search terms. *See* ECF No. 198 ¶ 6.[1] These narrowed search terms resulted in a total of 2,925 potentially responsive documents (not pages). *Id.*

8. To date, ICE has processed 10,212 pages of potentially responsive records identified in the new search, and it has informed the Knight Institute that 39,026 pages of potentially responsive records remain to be processed.

9. During the status conference held on September 21, 2022, the Court ordered ICE to process the responsive records at a rate of 1,000 pages per month.

10. Given the number of pages remaining, the parties have met and conferred to further narrow the universe of potentially responsive records. The Knight Institute has agreed to exclude from the results of Search 2[2] any emails dated before January 19, 2017. Additionally, ICE has agreed to review certain non-responsive records resulting from the July 2021 searches to try to identify categories of non-responsive records.

---

[1] The August 17, 2022 Joint Status Report states that the parties reached this agreement on July 12, 2012. *See* ECF No. 198 ¶ 6. This is a typo. The agreement was reached on July 12, 2021. *See* ECF No. 188 ¶ 4.

[2] On July 12, 2021, in an effort to narrow the search criteria, the parties agreed that ICE would run (in sum and substance) two searches. Search 2 was for Items 2–4 of the Request, which sought records dated January 2009 and later. The search terms were as follows: (("1182(a)(3)(B)(i)(VII)" OR "212(a)(3)(B)(i)(VII)" OR "1182(a)(3)(B)(i)(IV)(bb)" OR "212(a)(3)(B)(i)(IV)(bb)" OR "1182(a)(3)(C)(i)" OR "212(a)(3)(C)(i)" OR "1182(a)(3)(C)(iii)" OR "212(a)(3)(C)(iii)" OR "1225(c)" OR "235(c)" OR "1227(a)(4)(B)" OR "237(a)(4)(B)" OR "1227(a)(4)(C)" OR "237(a)(4)(C)" OR "1158(b)(2)(A)(v)" OR "208(b)(2)(A)(v)") AND ("endorse or espouse" OR "endorses or espouses" OR "endorsed or espoused" OR "endorsing or espousing" OR "foreign policy consequences" OR "ideological screening" OR "first amendment" OR "1st amendment" OR "protected speech" OR "political speech" OR "political belief" OR "political beliefs" OR "political association" OR "political associations")).

**The Foreign Policy Provision Memo**

11. In an order issued on September 23, 2019, the Court concluded that ICE failed to demonstrate that the Foreign Policy Provision Memo was pre-decisional under exemption 5 and directed ICE "to disclose reasonably segregable portions of the Foreign Policy Provision Memo that reflect current immigration policy." ECF No. 141 at 9–10.

12. ICE appealed the Court's order with respect to the Foreign Policy Provision Memo to the Second Circuit. Following briefing and oral argument, the Second Circuit issued a decision on April 6, 2022. *See Knight First Amendment Inst. v. U.S. Citizenship & Immigration Servs.*, 30 F.4th 318 (2d Cir. 2022). Regarding ICE's Foreign Policy Provision Memo, the Second Circuit noted:

> Although the district court concluded that the ICE memo did not fall within Exemption 5 because it was not pre-decisional, . . . it did not order immediate disclosure of the memo. Rather, it directed ICE to "re-assess its applied exemptions" using the district court's opinion as a guide "and disclose all responsive non-exempt materials that can reasonably be segregated from exempt materials." The record does not reveal whether or when ICE conducted the ordered segregability analysis.

*Id.* at 334 (citations omitted). Accordingly, the Circuit concluded:

> Because we cannot determine whether ICE complied with the district court's direction to conduct a segregability analysis, we remand to the district court to allow the parties to develop the record. On remand, if it has not already done so, ICE must conduct a segregability analysis and communicate its position with respect to the ICE memo to Knight. If ICE determines that it is not obligated to produce any further portions of the ICE memo, Knight is free to challenge that determination in the district court. The district court should consider any such renewed dispute in light of our decision expounding upon the deliberative process privilege in *National Resources Defense Council*, 19 F.4th 177, which we decided only after the district court issued its prior ruling. Should the court have doubts about the application of Exemption 5 to the ICE memo, it may also conduct an *in camera* review. And, of course, either party remains free to appeal anew in the face of an adverse ruling.

*Id.*

4

13. On August 31, 2022, counsel for ICE informed the Knight Institute by email that ICE had "conducted a further segregability analysis of the Foreign Policy Provision Memo for any responsive non-exempt material," and that ICE had "concluded that it remains appropriate to withhold the Foreign Policy Provision Memo in full under the deliberative process privilege of FOIA exemption 5."

14. The parties have reached an impasse regarding whether ICE's review of the Foreign Policy Provision Memo comports with the Court's orders. The parties respectfully request that the Court enter the following briefing schedule for a renewed motion for summary judgment, which the parties propose to provide by the following schedule: the Government's moving brief due by November 18, 2022; Plaintiff's opposition brief due by December 2, 2022; and the Government's reply brief, if any, due by December 9, 2022.

**Next Steps**

15. The parties respectfully and jointly propose filing a joint status report on December 16, 2022, providing the Court with a status update on ICE's processing of the remaining records.

16. The parties also respectfully request that the Court endorse the proposed briefing schedule regarding the Foreign Policy Provision Memo.

Dated: October 17, 2022

DAMIAN WILLIAMS
United States Attorney

By: _/s/ Ellen Blain_

   Ellen Blain
   Assistant United States Attorney
   86 Chambers Street, 3rd Floor
   New York, NY 10007
   ellen.blain@usdoj.gov
   (212) 637-2743

*Counsel for Defendants*

Sincerely,

 _/s/ Alexia Ramirez_

Alexia Ramirez (5752621)
Carrie DeCell (CD-0731)
Jameel Jaffer (JJ-4653)
Alex Abdo (AA-0527)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
alexia.ramirez@knightcolumbia.org
(646) 745-8500

*Counsel for Plaintiff*

 _/s/ Megan Graham_

Megan Graham (5400460)
Samuelson Law, Technology & Public Policy
  Clinic
353 Law Building
UC Berkeley School of Law
Berkeley, CA 94720-7200
mgraham@clinical.law.berkeley.edu
(510) 664-4381

*Counsel for Plaintiff*

SO ORDERED:

/s/ Andrew L. Carter, Jr.
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

10/19/2022