

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 10, 2023

BY ECF
The Honorable Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

    Re:    *Knight First Amendment Institute v. U.S. Dep't of Homeland Security et al.*,
              No. 17 Civ. 7572 (ALC)

Dear Judge Carter:

       I write respectfully on behalf of both parties in the above-referenced FOIA action to provide a status update pursuant to the Court's Order dated December 20, 2022. Dkt. No. 211.

       As the Court is aware, various defendant agencies and components agreed to conduct a search for documents responsive to Item Number 1 in plaintiff's FOIA Request, and the United States Department of State, Customs and Border Protection, Department of Justice, Homeland Security, and Citizenship and Immigration Services have completed searching, processing, and producing responsive, non-exempt documents, if any. *See* Dkt. No. 171. As the parties previously detailed, Immigration and Customs Enforcement ("ICE") and plaintiff agreed on specific search terms; ICE completed those searches and informed the Knight Institute of the initial results; ICE has been processing the documents since the summer of 2021; and on September 22, 2022, the Court ordered ICE to process the documents at a rate of 1,000 pages per month. *See* Dkt. Nos. 178 & 206. As of December 2022, ICE had processed more than 12,000 pages of potentially responsive documents, and approximately 38,000 pages of potentially responsive documents remained.

       On December 20, 2022, the Court granted the parties' requests to stay the September 22, 2022, processing order until April 14, 2023, to allow ICE time to try to narrow the universe of potentially responsive documents. Dkt. Nos. 210 & 211. Specifically, the parties agreed, and the Court so-ordered, that: (1) ICE would pause processing records and dedicate those resources to conducting a responsiveness review of the remaining approximately 38,000 pages of potentially responsive pages; (2) ICE would complete that review, and inform plaintiff of the results, by March 31, 2023; and (3) the parties would file a status update by April 14, 2023. Dkt. Nos. 210 & 211.

       On March 31, 2023, ICE informed plaintiff that, just prior to March 11, 2023, the agency had reviewed 22,822 pages of documents, and determined that 18,342 were non-responsive and

4,480 pages were responsive. At that point, there were 11,881 pages left to be reviewed for responsiveness, and ICE was on track to complete that review by March 31, 2023.

However, as ICE informed plaintiff on March 31, ICE is currently in the process of upgrading its FOIA request and processing software, moving from a platform known as FOIAXpress to a platform called SecureRelease. As part of the transition, the FOIAXpress system was shut down from March 11 to March 20 to transfer files to SecureRelease. Assigned ICE personnel recently learned that, as a result of this transition, any responsiveness reviews conducted on or after March 11 have not – and will not – make the transition to the SecureRelease system. Accordingly, all of the responsiveness reviews conducted after March 11 for this matter were unfortunately lost and must be redone. ICE understands that the new software system should be ready within the next 60 days. When that transition is complete, ICE believes that it will be able to confirm the exact numbers for what was done and what remained (and remains) to be done.

In light of this technical hurdle, ICE has proposed, and plaintiff has agreed to, the following: (1) as of April 14, 2023, ICE will resume processing 1,000 pages of documents per month, pursuant to the Court's September 22, 2022, Order; (2) ICE will start its processing with the 4,480 pages it has now determined are responsive; (3) when the new software system transition is complete, ICE will again pause processing and production and resume the responsiveness review of the remaining documents; and (4) ICE will complete the responsiveness review within 40 days of resumption.

Accordingly, the parties respectfully request that the Court temporarily lift the stay of its September 20, 2022, order, such that ICE will resume processing records at a rate of 1,000 pages per month, beginning with the 4,480 pages of documents it has identified as responsive. The parties propose to file another status report by June 14, 2023, to provide an update regarding the status of the software transition and the responsiveness review.

I thank the Court for considering this matter.

> Respectfully,
>
> DAMIAN WILLIAMS
> United States Attorney

By:   */s/ Ellen Blain*
      ELLEN BLAIN
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, NY 10007
      Tel: (212) 637-2743
      Email:  ellen.blain@usdoj.gov

cc:  Counsel for Plaintiff (by ECF)