

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500

info@knightcolumbia.org

September 6, 2024

BY ECF
The Honorable Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

>   Re:   *Knight First Amendment Institute v. U.S. Dep't of Homeland Security et al.*, No. 17 Civ. 7572 (ALC)

Dear Judge Carter:

I write respectfully on behalf of both parties in the above-referenced FOIA action to provide a status update.

### Background

As the Court is aware, various defendant agencies and components agreed to conduct a search for documents responsive to Item Number 1 in Plaintiff's FOIA Request, and the United States Department of State ("State"), Customs and Border Protection ("CBP"), Department of Justice ("DOJ"), Homeland Security ("DHS"), and Citizenship and Immigration Services ("USCIS") have completed searching, processing, and producing responsive, non-exempt documents, if any. *See* Dkt. No. 171. As the parties previously detailed at length, Immigration and Customs Enforcement ("ICE") and Plaintiff agreed on specific search terms, and as of October 2023, ICE completed processing and producing all remaining responsive documents. Accordingly, all defendants in this matter have now completed searching for, processing, and producing documents responsive to Plaintiff's FOIA Requests.

### Current Status

Plaintiff has agreed to dismiss with prejudice all claims in this action (except for any claims for attorney's fees and costs) against the

following agencies and/or components: DOJ, USCIS, and CBP. The agencies and/or components remaining in this action are therefore ICE, State, and DHS.

As the parties also previously detailed, Plaintiff identified certain records produced by ICE, State, and DHS that contain redactions pursuant to various FOIA exemptions that Plaintiff might challenge through a motion for summary judgment, and Plaintiff has asked the agencies to prepare draft Vaughn indices further explaining the bases for the exemptions. As the parties previously noted: (1) DHS provided Plaintiff a draft Vaughn index; (2) on March 15, 2024, State provided a draft Vaughn index to Plaintiff and reproduced certain documents without redactions; and (3) ICE: (a) conducted a re-review of the identified documents and, on February 15, 2024, reproduced to Plaintiff certain of those documents without redactions; (b) provided Plaintiff with the first iteration of a draft Vaughn index on February 16, 2024; (c) provided a supplemental Vaughn index to Plaintiff in June 2024; and (d) was conferring with various other stakeholders about the remaining documents.

At this time, the only remaining records that require a draft Vaughn index are certain records that ICE located in its own searches and processed for ICE equities, and were then referred to DHS HQ for processing any DHS equities. Since the last status update, DHS HQ has continued to work on a draft Vaughn of this specific set of records, and anticipates completing this by approximately Friday, September 13. The parties respectfully propose to file a further status update on October 7, 2024.

I thank the Court for considering this matter.

                    Respectfully,

                    /s/ Xiangnong Wang
                    Xiangnong Wang
                    Knight First Amendment Institute
                     at Columbia University
                    475 Riverside Drive, Suite 302
                    New York, NY 10115
                    (646) 745-8500
                    george.wang@knightcolumbia.org

cc: Counsel for Defendants (by ECF)